UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.:

IVET C. PEREZ, and
DERECK S. DUMONT, for themselves
and on behalf of others similarly situated,

    Plaintiffs,

v.

WALDORF=ASTORIA EMPLOYER LLC
a/k/a WALDORF ASTORIA ORLANDO
d/b/a/ WALDORF ASTORIA ORLANDO

    Defendant,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiffs IVET C. PEREZ, and DERECK S. DUMONT, for themselves and on behalf of other similarly situated individuals, by and through the undersigned counsel, hereby sue Defendant WALDORF=ASTORIA EMPLOYER LLC, a/k/a WALDORF ASTORIA ORLANDO and alleges:

## INTRODUCTION

1. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

2. Plaintiffs contend that Defendant in this case violated the Fair Labor Standards Act by failing to pay the Plaintiffs and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one half their regular rate.

3. This action is intended to include each and every hourly-paid housekeeper (room attendants) and housekeepers' supervisors and similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## JURISDICTION AND VENUES

4. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

5. The venue is proper in this Court because all the actions raised in this complaint took place in Orange County, Florida, within the jurisdiction of this Court.

## PARTIES

6. At all times material to this action, Plaintiffs IVET C. PEREZ, and DERECK S. DUMONT were within the jurisdiction of this Court. Plaintiffs are covered employees for purposes of the Act.

7. At all times material to this action, Defendant WALDORF=ASTORIA EMPLOYER LLC, a/k/a WALDORF ASTORIA ORLANDO (hereinafter WALDORF ASTORIA ORLANDO, or Defendant) was, and continues to be, a foreign corporation registered to do business in Florida. Defendant has a place of business in Orlando, Florida.

8. At all times material to this action, Plaintiffs were engaged in commerce within the meaning of §206 and §207 of the FLSA.

9. At all times material to this action, Plaintiffs were employees of Defendant within the meaning of §203 of the FLSA.

10. At all times material to this action, Defendant was Plaintiffs' employer, within the meaning of §203 of the FLSA.

11. Defendant was and continues to be an employer within the meaning of the FLSA.

12. At all times material to this action Defendant was and continue to be an enterprise engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant provides lodging services to the general public and through its business activity, affects interstate commerce. The Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions.

13. At all times material to this action, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum.

14. At all times material to this action Plaintiffs and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiffs and those similarly-situated worked as housekeepers, and through their daily activities, Plaintiffs and those similarly situated, not only regularly, handled, or otherwise worked on goods and/or materials that had been produced for commerce and moved in interstate commerce at any time in business, but Plaintiff's activities were directed to the maintenance of the facilities providing services in interstate commerce. Therefore, there is FLSA individual coverage.

15. At all times material to this action, the work performed by Plaintiffs was essential to the business performed by Defendant.

16. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

**STATEMENT OF FACTS**

17. This cause of action is brought by Plaintiffs IVET C. PEREZ and DERECK S. DUMONT and as a collective action to recover from the Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the collective class members") and who worked over forty (40) hours during one or more weeks on or after October 2017, (the "relevant time") without being properly compensated.

18. Defendant WALDORF ASTORIA ORLANDO is a Florida business that provides hospitality services. Defendant operates the WALDORF ASTORIA ORLANDO, a luxury hotel, and resort, located at 14200 Bonnet Creek Resort Lane, Orlando, FL 32821, where Plaintiffs and other similarly situated individuals worked.

19. Defendant maintains a corporate culture that prioritizes hard work, the highest quality results, and customer satisfaction. In keeping with these goals, Defendant routinely expects their housekeeping staff to handle an enormous workload, while also meeting the highest standards for room preparation, quality cleanliness, and safety.

20. Defendant employed Plaintiff IVET C. PEREZ from approximately October 15, 2015, to February 20, 2020, or 4 years plus 4 months (227 weeks). However, for FLSA purposes, Plaintiff's relevant period of employment is 130 weeks. Plaintiff was hired as a non-exempted, full-time, hourly housekeeper, and housekeepers' supervisor.

21. Defendant employed Plaintiff DERECK S. DUMONT from approximately June 20, 2016, to March 22, 2020, or 3 years plus 9 months. However, for FLSA purposes, Plaintiff's

relevant period of employment is 129 weeks. Plaintiff was hired as a non-exempted, full-time, hourly housekeeper.

22. Plaintiffs' job duties consisted of but were not limited to, cleaning and prepare rooms, and facilities for the hotel's guests.

23. Defendant has a common pay policy and/or pay practice which violates the FLSA requirements of overtime pay for every hour in excess of 40, within a week.

24. Consistent with Defendant's corporate culture, and to meet Defendant's high expectations, goals, and standards, Defendant's managers routinely requested housekeepers to arrive at work as much as 1 hour before their scheduled shift start-time each day to perform job-related tasks such the assignment of rooms, distribution of work, and the preparation of housekeeping carts.

25. Plaintiffs and those similarly situated individuals typically arrived at 7:00 AM before their scheduled 8:00 AM start-time shift to organize their equipment, and to stock their housekeeping carts with toiletries, cleaning supplies, etc.

26. Housekeepers with additional supervisory duties were required to clock out at the end of their scheduled shift, but they were required to stay working at least one more off-the-clock-hour.

27. Defendant's managers did not allow housekeepers to clock-in before their scheduled shift start-time to create a real record of the pre-shift work in Defendant's timekeeping system. Defendant's managers have harassed, reprimanded, and threatened workers who have tried to clock-in early to record their pre-shift work, or to clock late to record their post-shift work.

28. Those off-the-clock hours constitute additional unpaid overtime hours.

29. Defendant has a common pay policy and/or pay practice which violates the FLSA requirements of overtime pay for every hour in excess of 40, within a week.

30. Consistent with Defendant's corporate culture, and to meet Defendant's high expectations, goals, and standards, Defendant's managers routinely requested housekeepers to miss meal breaks and take shortened meal breaks to perform job-related tasks, but did not require or allow housekeepers to enter this meal break work time into Defendant's timekeeping system.

31. Despite regularly seeing Plaintiffs and other similarly situated employees working before their scheduled shift, during meal breaks, and working after their scheduled shift end-time, managers of Defendant had no problem with Plaintiffs and those similarly situated working for free.

32. Plaintiffs had seen many other housekeepers working off-the-clock hours without being compensated.

33. Defendant's managers have seen Plaintiffs and other similarly situated working off-the-clock hours, but they have not stopped housekeepers from performing off-the-clock work or ensured housekeepers were paid for their pre-shift, meal breaks, and post-shift work.

34. Plaintiffs and other similarly situated individuals so regularly performed pre-and post-shift work because of the demands, approval, and knowledge of their managers, that the practice became accepted as a routine and part of their jobs.

35. As a result, Defendant did not pay Plaintiffs and other similarly situated individuals wages for many off-the-clock hours every week.

36. Defendant has a common pay policy and/or pay practice which violates the FLSA requirements of overtime payment for every hour in excess of 40, within a week.

37. During their employment with Defendant, Plaintiffs and other similarly situated individuals worked more than 40 hours per week. Nevertheless, they were not paid for all their overtime hours.

38. Plaintiffs and other similarly situated individuals were paid for some overtime hours, but Defendant averaged the hours worked over two weeks, and did not pay Plaintiffs at the rate of time and one half their regular rate of payment, as established by the FLSA.

39. During the three years (3) preceding the filing of this Complaint, Defendant has violated Title 29 U.S.C. §207, in that:

    a. Plaintiffs and those similarly situated have worked off-the-clock hours that constitute additional unpaid overtime hours.

    b. Plaintiffs and those similarly situated have worked during meal breaks that constitute additional unpaid overtime hours.

    c. No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiffs and those similarly situated to Plaintiffs at the rate of one and one-half their regular rate for all hours worked in excess of forty (40) per workweek, as provided by the FLSA.

    d. Defendant failed to post any notice, as required by the Fair Labor Standards Act, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

40. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiffs and other similarly situated individuals.

41. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid regular and/or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

## COLLECTIVE ALLEGATIONS

42. Plaintiffs and the putative collective class members were all "housekeepers, and housekeepers' supervisors", and they performed the same or similar job duties as one another, in that they clean and prepare rooms for Defendant's guests.

43. Plaintiffs and the putative collective class members were subjected to the same pay provisions, and they were not compensated for overtime hours for all overtime hours worked as a result of Defendant's common policies and practices, including but not limited to the following:

    a. Plaintiffs and those similarly situated have worked off-the-clock hours that constitute additional unpaid overtime hours.

    b. Plaintiffs and those similarly situated have worked during lunch hours that constitute additional unpaid overtime hours.

    c. No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiffs and those similarly situated to Plaintiffs at the rate of one and one-half their regular rate for all hours worked in excess of forty (40) per workweek, as provided by the FLSA.

    d.  Defendant failed to post any notice, as required by the Fair Labor Standards Act, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

44. Defendant's uniform method of payment to Plaintiffs and the putative collective class members resulted in a violation of the FLSA overtime payment requirements, and the failure to pay Plaintiffs and the putative collective class members the required overtime wages due.

45. These policies and practices were applied to Plaintiffs and the putative collective class members.

46. Therefore, the putative collective class members are properly defined as:

    **1. All housekeepers, and housekeepers' supervisors who worked, and for Defendant at Waldorf Astoria Orlando hotel/resort located at 14200 Bonnet Creek Resort Lane, Orlando, FL 32821, at any time from October 06, 2017, to the present, and who:**

    **2. Who currently work as housekeepers and housekeepers' supervisors at Waldorf Astoria Orlando hotel/resort at the above-mentioned location.**

    **3. Who regularly performed off-the-clock pre-shift work, meal break work, and post-shift work with his manager's knowledge, and received no wages for this work.**

    **4. Who worked in excess of forty (40) hours every week and were not paid proper overtime payment, at the rate of time and one-half his regular rate for all hours worked in excess of forty (40) every week.**

47. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime wages to Plaintiffs and the putative collective class members.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME

48. Plaintiffs IVET C. PEREZ and DERECK S. DUMONT re-adopt every factual allegation as stated in paragraphs 1-47 above as if set out in full herein.

49. In the three years preceding the filing of the Complaint in this action, in one or more workweeks, Plaintiffs and other similarly situated housekeepers, worked hours in excess of (40) for which Plaintiffs and other similarly situated housekeepers were not compensated at the statutory rate of time and one-half their regular rate.

50. Plaintiffs and other similarly situated housekeepers were and are entitled to be paid at the statutory rate of time and one-half their regular rate for all hours worked in excess of forty (40) in a workweek.

51. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiffs and other housekeepers at the statutory rate of time and one-half their regular rate for all overtime hours worked when it knew, or should have known when was due.

52. During the three years preceding the filing of this action, other housekeepers and housekeeper's supervisors were not paid proper overtime hours in one or more weeks, because Defendant has failed to credit Plaintiffs and the collective class members for all overtime hours worked, and has failed to pay Plaintiffs for the overtime hours credited, the statutory overtime rate at one and one-half their regular rate of pay for such hours, pursuant to Defendant's policies, plans, and practices which were equally applicable to Plaintiffs and the collective class members.

53. Upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiffs and other similarly situated employees. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

54. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

55. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiffs and the collective class members those performed services and worked over the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one-half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

56. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and similarly situated individuals these overtime wages since the commencement of Plaintiffs' and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiffs' and those similarly situated individuals are entitled to recover double damages.

57. Defendant WALDORF ASTORIA ORLANDO willfully and intentionally refused to pay Plaintiff's and those similarly situated individuals overtime wages at the rate of time and one-half their regular rate, as required by the law of the United States and remains owing Plaintiffs and those similarly situated individuals these overtime wages since the commencement of their employment with Defendant as set forth above.

58. Plaintiffs IVET C. PEREZ and DERECK S. DUMONT for themselves and on behalf of other similarly situated individuals have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs IVET C. PEREZ, DERECK S. DUMONT and those similarly situated respectfully request that this Honorable Court:

A. An order conditionally certifying this action as a collective action.

B. Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful.

C. Requiring Defendant to provide the names and current (or best known) mailing and e-mail address of all similarly situated individuals.

D. Authorizing Notice of this collective action, or that the Court issue such Notice to all similarly situated individuals informing them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit.

E. Enter judgment for Plaintiffs IVET C. PEREZ, DERECK S. DUMONT, and other similarly situated individuals and against the Defendant WALDORF ASTORIA ORLANDO, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

F. Award Plaintiffs IVET C. PEREZ, DERECK S. DUMONT, and other similarly situated, actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

G. Award Plaintiffs and other similarly situated an equal amount in double

damages/liquidated damages; and

H. Award Plaintiffs and those similarly situated individuals reasonable attorneys' fees and costs of suit; and

I. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiffs IVET C. PEREZ and DERECK S. DUMONT demand trial by jury of all issues triable as of right by jury.

Dated: October 15, 2020

Respectfully submitted,

By: /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs and the Putative Collective Class Members*